HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD CROCENZI, | CASE NO. C10-5890 RBL |
| Plaintiff, | ORDER |
| v. | |
| HOMELITE CONSUMER PRODUCTS, INC., | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Defendant Homelite Consumer Products, Inc. to Produce Discovery [Dkt. #23], Defendant Homelite Consumer Products, Inc., a wholly owned subsidiary of Techtronic Industries North America, Inc.'s Response to Plaintiff's Motion to Compel and Cross-Motion for Summary Judgment [Dkt. #26], and Plaintiff's Motion to Strike Defendant's Premature Motion for Summary Judgment [Dkt. #32].

The Court has reviewed the papers for and against the motions. Oral argument is not necessary to resolve the issues in these motions. For the following reasons, Plaintiffs' Motion to Compel Production of Discovery [Dkt. #23] and Plaintiffs' Motion to Strike Defendant's

ORDER - 1

Premature Motion for Summary Judgment [Dkt. #32] are **DENIED.** Defendant Homelite Consumer Products, Inc.'s Cross-Motion for Summary Judgment [Dkt. #26] is **GRANTED**.

## I. BACKGROUND

Plaintiff Richard Crocenzi purchased a leaf blower manufactured by the "Homelite Division" of John Deere Consumer Products, Inc. prior to 2001. In November 2001, Techtronic Industries, Ltd. ("TTI") purchased the Homelite brand name and certain assets of John Deere's Homelite Division. Today, that division is held by another wholly owned subsidiary of TTI Ltd. known as Techtronic Industries North America, Inc. ("TTINA"), formed in 2003. In 2010, plaintiff Crocenzi was allegedly injured by the subject leased blower.

Under the Washington Product Liability Act (WPLA) a manufacturer may be liable for a product's defects if it is a company that manufactured the subject product. See RCW § 7.72.010, § 7.72.040. Neither TTINA nor its subsidiary, Homelite Consumer Products, Inc., manufactured or sold the leaf blower that is the subject of this case. Indeed, neither entity even existed when the subject blower was purchased. The Asset Purchase Agreement of John Deere's Homelite Division expressly states that John Deere will retain liability for product liability claims stemming from products John Deere manufactured under the Homelite name. John Deere is the appropriate party to answer for claims relating to the subject blower.

Because TTINA is not a proper party to this action, plaintiffs have no legal basis to seek party discovery from TTINA (including documents irrelevant to this matter such as TTINA's insurance policies and communications with its insurance provider). If plaintiffs require documents from TTINA about John Deere's production of the subject blower in TTINA's possession, the plaintiff should request the information through a third-party subpoena.

Accordingly, Plaintiffs' Motion to Compel Defendant Homelite Consumer Products, Inc. to Produce Discovery [Dkt. #23] and Plaintiffs' Motion to Strike Defendant's Premature Motion for Summary Judgment [Dkt. #32] are hereby **DENIED**.

Because the manufacturer of the relevant product that gives rise to the claim is John Deere, and because Homelite Consumer Products, Inc., a wholly owned subsidiary of TTINA, is not the manufacturer, Defendant Homelite Consumer Products, Inc., a wholly owned subsidiary of Techtronic Industries North America, Inc.'s Motion for Summary Judgment [Dkt. #26] is **GRANTED** and the claims against TTINA are dismissed with prejudice.

Dated this 23rd day of November, 2011.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE